IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAKERIA COFFEY, | ) |
|     Plaintiff, | ) |
|         v. | ) Civil No. 20-1039 |
| ALORICA, INC., | ) |
|     Defendant. | ) |

**OPINION and ORDER**

Plaintiff Sakeria Coffey commenced this action against Defendant Alorica, Inc. on February 22, 2019, by filing a writ of summons in the Court of Common Pleas of Allegheny County, Pennsylvania. ECF No. 1-3. On May 27, 2020, Ms. Coffey filed a Complaint in the Court of Common Pleas asserting that Alorica unlawfully discriminated against her in violation of Title VII of the Civil Rights Act (Count One); unlawfully discriminated against her in violation of the Pennsylvania Human Relations Act (Count Two); and failed to pay her wages in violation of the Pennsylvania Wage Payment and Collection Law (Count Three). ECF No.1-1. Alorica was served with the Complaint on June 12, 2020, and it timely filed a Notice of Removal with this Court on July 13, 2020. ECF No. 1. Presently before the Court is Alorica's Motion to Dismiss Count One of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because it was not timely filed. ECF No. 6. For the reasons that follow, Alorica's Motion to Dismiss will be granted.

I.     **RELEVANT BACKGROUND**

Sakeria Coffey, an African American woman, resides at 6703 Rowan Street, Pittsburgh, Pennsylvania, 15206. Compl. ¶ 1, 6. She began working for Alorica in May 2016. Id. ¶ 7. She was promoted to call center supervisor in August 2016. Id. ¶ 8. Ms. Coffey was terminated

from her position on May 29, 2018.  Id. ¶ 9.  She alleges she was unlawfully terminated based on her race.  Id. ¶ 23.  She timely filed a Complaint with the Equal Employment Opportunity Commission (EEOC), alleging unlawful discrimination on the basis of race, which was cross-filed with the Pennsylvania Human Relations Commission (PHRC).  Id. ¶ 4.  Ms. Coffey signed her EEOC Charge of Discrimination on April 27, 2018, and it was marked as received by the EEOC on May 2, 2018.  ECF No. 7-1, at 2.  In her Charge, she identified her address as 6703 Rowan Street, Pittsburgh, Pennsylvania, 15206.  Id.  She alleges in her Complaint that she received a Dismissal and Notice of Rights letter ("Right to Sue letter") from the EEOC but does not identify the date she received the letter.  Compl. ¶ 5.  The Right to Sue letter is dated September 19, 2018.  ECF No. 7-2, at 2-3.  The letter informs Ms. Coffey of her right to file a lawsuit and that any such lawsuit must be filed within ninety days of the receipt of the Right to Sue letter.  Id.  Ms. Coffey asserts that her February 22, 2019 Writ of Summons was timely filed within the ninety-day deadline set forth in the Right to Sue letter.  Compl. ¶ 5.

**II.     STANDARD OF REVIEW**

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008)).  "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  Plaintiff's allegations must be accepted as true and construed in the light most favorable to plaintiff when determining if the complaint should be dismissed.  Trzaska v. L'Oreal USA, Inc., 865 F.3d 155, 162 (3d Cir. 2017), as amended (Aug. 22, 2017).  Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments.  Morse v. Lower Merion School District, 132 F.3d 902, 906, n. 8 (3d Cir.1997).

"Courts 'generally consider only the allegations contained in the complaint, exhibits attached to the complaint[,] and matters of public record' when evaluating whether dismissal under Rule 12(b)(6) [is] proper."  Levins v. Healthcare Revenue Recovery Grp. LLC, 902 F.3d 274, 279 (3d Cir. 2018) (quoting Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). A court, however, may consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit., 998 F.2d at 1196.  "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied."  Id.  The United States Court of Appeals for the Third Circuit explains that consideration of such documents are proper because "'the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated where the plaintiff has actual notice ... and has relied upon [those] documents in framing the complaint.'"  Levins, 902 F.3d at 279-80 (quoting Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotation marks, alteration, and citation omitted).  Here, Alorica has attached Ms. Coffey's EEOC Charge of Discrimination and the September 18, 2018 Dismissal and Notice of

3

Rights letter.  ECF Nos. 7-1 & 7-2.  Consideration of such documents is proper because Ms. Coffey asserts the right to file a lawsuit, alleging a violation of Title VII, is based on the fact that she filed a Charge with the EEOC and received a Right to Sue letter.

### III.     DISCUSSION

Alorica seeks dismissal of Count One because the Complaint was not timely filed within the ninety-day time limit set forth by the EEOC's right to sue letter.  Under Title VII, a complaint must be filed "within ninety days" of receipt of the EEOC's Notice of Right to Sue.  42 U.S.C.A. § 2000e-5(f))1).  The 90-day time limit is treated as a statute of limitations and is "strictly enforced."  Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001) (citing Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 176 (3d Cir. 1999)).  "[I]n the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed."  Burgh, 251 F.3d at 470 (citing Figueroa, 188 F.3d at 176).

The EEOC Right to Sue letter was issued on September 19, 2018.  The ninety–day period for filing a lawsuit is calculated from "the date on which the complainant receives the right-to-sue letter."  Burgh, 251 F.3d at 470 (3d Cir. 2001).  Ms. Coffey does not plead a date on which she received her right to sue letter; therefore, it is presumed that she received the letter three days after it was mailed, or on September 22, 2018.  Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999).  Therefore, a timely filed suit must have been commenced by December 21, 2018.  This action was not commenced until Ms. Coffey filed a writ of summons on February 22, 2019.  Accordingly, Ms. Coffey's claim, asserted under Title VII, is untimely because it was not commenced within the requisite time period.

4

Ms. Coffey acknowledges the applicable law, but requests equitable relief to permit her to pursue her Title VII claim, *nunc pro tunc*, "as her counsel was not informed of the issuance of the right to sue letter until February 19, 2019." Pltf. Br. Opp. 3.  Ms. Coffey does not dispute the authenticity of the September 19, 2018 Right to Sue letter, nor does she dispute that the letter contained her correct address.  Ms. Coffey alleges in her Complaint that she received a Right to Sue letter.  Compl. ¶ 5.  Because she does not dispute that she received the September 19, 2018 Right to Sue letter, the date on which her attorney was informed that the Right to Sue letter was issued is irrelevant.  Seitzinger, 165 F.3d 236, 239 n. 1 ("ninety-day period starts when either the claimant or her attorney receives a right-to-sue letter, whichever is earlier") (citing Irwin v. Department of Veterans Affairs, 498 U.S. 89, 92–93 (1990)).  Thus, there is no basis on which to grant Ms. Coffey the specific equitable relief she requests.  Ms. Coffey does not otherwise assert a basis for equitable tolling of the ninety-day time limit; and therefore, the time limit is strictly construed.[1]  Burgh, 251 F.3d at 470.

Alternatively, Ms. Coffey requests the opportunity to submit evidence and testimony to challenge the presumption that the September 19, 2018 Right to Sue was mailed and/or delivered.  Pltf. Br. Opp. 5-6.  Ms. Coffey cites no legal basis to support her argument, and to provide such an opportunity would be fruitless because what she asks to present is at odds with her pleadings.  Ms. Coffey does not explicitly contend, in either her opposition brief or in her Complaint, that she did not receive the right to sue letter, or that she received the letter late and

---

[1] "Generally, 'equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'"  Weis-Buy Servs., Inc. v. Paglia, 411 F.3d 415, 424 (3d Cir. 2005) (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir.1994)).  None of the above circumstances apply; therefore, equitable tolling is inapplicable in this case.

within ninety days before her lawsuit was actually filed.  The absence of such a significant contention is a glaring omission.[2]  The request to submit evidence and testimony to challenge when the right to sue letter was mailed and/or delivered is denied.  Accordingly, Count One will be dismissed as untimely.

Finally, dismissal of Count One means that federal jurisdiction in this action no longer exists.  Pursuant to 28 U.S.C § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. 1367(c)(3).  Alorica requests that this Court exercise its supplemental jurisdiction over Ms. Coffey's remaining state law claims.  In support of this request Alorica states that, if remanded, Alorica will again remove the case based on diversity jurisdiction.  Def. Br. 8-9.  Alorica also states that this case would benefit from the Western District's ADR program.  Id. 9.  Ms. Coffey does not oppose the request.  Pltf. Br. Opp. 5.  Supplemental jurisdiction is "a doctrine of discretion."  United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).  The justification for exercising supplemental jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims."  Id.  The Court finds that, taking into account judicial economy and convenience to the parties, the Court will exercise supplemental jurisdiction over the remaining state law.

---

2  The Court notes that such a contention would have lent more support for her primary request for *nunc pro tunc* equitable relief based on when her attorney learned of the Right to Sue letter.  In fact, such a contention would have meant that she need not rely on when her attorney was informed of the letter.  Instead, she may have argued that equitable tolling should apply because she was prevented from timely asserting her rights in an extraordinary way: either because she did not receive the letter, or it was received late.  Weis-Buy, 411 F.3d at 424.

## IV.     CONCLUSION

Based on the foregoing, Alorica's Motion to Dismiss, ECF No. 6, is GRANTED as to Count 1.  Count 1 is dismissed with prejudice.

IT IS FURTHER ORDERED that the Court exercises supplemental jurisdiction over Count Two and Count Three.  Alorica shall file an Answer to the remaining Counts of the Complaint by <u>October 22, 2020</u>.

IT IS SO ORDERED.

Dated: <u>October 8, 2020</u>

_____
Marilyn J. Horan
United States District Court Judge